**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NINA COULTER, | : | Civil No. 1:21-CV-1875 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AR RESOURCES, INC., | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendant AR Resources, Inc. ("AR Resources"). (Doc. 23.) The court finds that the alleged harm is not sufficiently concrete to establish Article III standing, and therefore the court does not have subject-matter jurisdiction. For the reasons that follow, the motion will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 1, 2021, Plaintiff Nina Coulter ("Coulter") filed a complaint in the United States District Court for the Eastern District of Pennsylvania against AR Resources alleging a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.* (Doc. 1.) The complaint alleges that Coulter is a natural person and "consumer" under the definition provided in the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692(a). (*Id.* ¶ 4.) AR Resources is a corporation that

regularly conducts business in Pennsylvania.  (*Id.* ¶ 5.)  AR Resources is a "debt collector" under the definition in 15 U.S.C. § 1692(a).  (*Id.*)

Sometime before September 23, 2021, Coulter incurred a medical debt that was sold to AR Resources for collections.  (*Id.* ¶¶ 6–8.)  To collect the debt, AR Resources utilized a third-party vendor to send a collection letter to Coulter on September 23, 2021.  (*Id.* ¶¶ 8–9.)  In utilizing the third-party vendor, AR Resources disclosed Coulter's personal information to a third party, including the fact that Coulter owed a medical debt.  (*Id.* ¶ 10.)  In her single-count complaint, Coulter alleges that AR Resources violated the FDCPA in disclosing this personal information to a third party.  (*Id.* ¶¶ 11–12.)  To remedy this violation, Coulter requests statutory damages pursuant to the FDCPA, as well as costs and attorneys' fees.  (*Id.*)

The case was transferred to this District on November 3, 2021.  (Doc. 4.) Coulter requested an entry of default against AR Resources on August 4, 2022, which the clerk entered on August 5, 2022.  (Docs. 13, 15.)  AR Resources filed a motion to strike default and dismiss the complaint on August 26, 2022.  (Doc. 17.) On November 10, 2022, the court granted the motion to strike default, construed as a motion to set aside an entry of default, and denied the motion to dismiss for insufficient service of process.  (Doc. 20.)  AR Resources filed the instant motion to dismiss on December 12, 2022, with the accompanying brief in support

following on December 27, 2022.  (Docs. 23, 25.)  Plaintiff filed her brief in

opposition on December 23, 2022.[1]  (Doc. 24.)  Thus, this motion is ripe for

review.

## STANDARD OF REVIEW

Defendant seeks dismissal of the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(1) for lack of subject-matter jurisdiction.  The court, in

determining whether it has subject-matter jurisdiction, must decide "whether the

allegations on the face of the complaint, taken as true, allege facts sufficient to

invoke the jurisdiction of the district court."  *Taliaferro v. Darby Twp. Zoning Bd.*,

458 F.3d 181, 188 (3d Cir. 2006) (quoting *Licata v. U.S. Postal Serv.*, 33 F.3d 259,

260 (3d Cir. 1994)).  Rule 12(b)(1) challenges may be "facial" or "factual."  *See*

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A

facial attack challenges whether jurisdiction has been properly pleaded and

requires the court to "only consider the allegations of the complaint and documents

referenced therein and attached thereto, in the light most favorable to the plaintiff."

*Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing

*Mortensen*, 549 F.2d at 891).  Conversely, when a defendant sets forth a factual

attack on subject-matter jurisdiction, "the Court is free to weigh the evidence and

---

[1] The court notes that Coulter's brief in opposition was filed before AR Resources' brief in
support.

satisfy itself whether it has power to hear the case. . . . 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  *Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891).

In this case, AR Resources presents a facial attack on jurisdiction.  Thus, the court will "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc.*, 220 F.3d at 176 (citing *Mortensen*, 549 F.2d at 891).

## DISCUSSION

In this case, AR Resources argues that Coulter's claim should be dismissed for lack of subject-matter jurisdiction because Coulter alleges an FDCPA violation based upon the use of a third-party letter vendor and without alleging any actual damages.  (Doc. 25, p. 2.)[2]  AR Resources submits that without actual damages, Plaintiff lacks Article III standing, and therefore this court lacks subject-matter jurisdiction.  (*Id.* at 3.)  In response, Coulter argues that she has established Article III standing by alleging harm that is similar to types of harm recognized under common law.  (Doc. 24, p. 4.)  Coulter argues that a plaintiff in the Third Circuit is not required to meet the exact same elements of a common law claim for damages

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

4

in order to establish standing in a claim alleging a violation of the FDCPA.  (Doc. 24, pp. 1–2.)  The court agrees with AR Resources and finds that Coulter's argument fails to demonstrate the type of concrete harm that is required to establish standing.

Section 1692 of the FDCPA prohibits a debt collector from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" unless the debt collector has acquired the consumer's consent or the court's permission.  15 U.S.C. § 1792c(b).  The court may hold a debt collector who violates the FDCPA liable for actual and statutory damages, as well as costs and attorney's fees.  15 U.S.C. § 1692k(a).

To bring a claim for violation of the FDCPA in federal court, a plaintiff must have Article III standing.  *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021).  For Article III standing to be established, a plaintiff must meet the "concreteness requirement," which requires that a plaintiff demonstrate, among other things, that they have suffered concrete harm.  *Id.*  Concrete harm may include traditional tangible harms, including "physical, monetary, and other tangible harms" or intangible harms, such as "reputational harms, disclosure of private information, and intrusion upon seclusion."  *Id.* at 2204.

This court has previously held that statutory damages alone are not sufficient to sustain a claim for violation of the FDCPA.  *Burris v. Weltman, Weinberg & Reis, Co., L.P.A.*, No. 1:21-cv-01923, 2022 U.S. Dist. LEXIS 149589, at *14 (M.D. Pa. Aug. 19, 2022).  In *Burris*, the court found that a plaintiff who pleaded statutory damages had not stated a claim sufficient to establish Article III standing. *Id.* at *23–24.  The court emphasized:

> [The plaintiff's] allegations make clear that he seeks to impose per se liability based solely on one act: Defendant's conduct in providing his information to a mail vendor for the purpose of sending him a dunning letter.  As the weight of authority suggests, there is no basis upon which Plaintiff can invoke Article III standing based on such a claim.

*Id.*  To this end, the court held that a defendant's sharing of consumer information with a mail vendor alone is not enough to establish standing, and therefore not enough to establish subject-matter jurisdiction.  *Id.*

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021), offers an example of when a plaintiff may suffer actual harm as a result of their information being shared by a debt collector.  In *TransUnion*, a class action was filed against a consumer credit reporting agency for allegedly inaccurately flagging certain consumer credit reports as possible national security threats, and then disseminating some of those reports to third-party businesses.  *Id.* at 2200.  The Court held that class members whose credit reports were flagged and then disseminated to third-party creditors suffered a concrete harm sufficient to

establish Article III standing.  *Id.* at 2212–13.  However, class members whose reports were not so disseminated could not establish standing.  *Id.*

In the present case, Coulter has not alleged a type of harm sufficient to establish standing.  Whereas the Court in *TransUnion* held that "publication to a third party of a credit report bearing a misleading OFAC alert" presented a harm close enough to the common law tort of defamation to establish standing, there is no such harm established by Coulter in this case.  *TransUnion*, 141 S. Ct. at 2208. Plaintiff argues that the dissemination of her personal information alone is enough to constitute similar harm to common law damages associated with invasion-of-privacy torts, *see* Doc. 24, p. 10, but the harm alleged in the present case is more aligned with the *per se* harm alleged in *Burris*, which the court found insufficient to establish standing.  *See Burris*, 2022 U.S. Dist. LEXIS 149589 at *23. Therefore, Coulter does not have Article III standing to pursue her FDCPA claim. Accordingly, the court does not have subject-matter jurisdiction over Coulter's claim.

**CONCLUSION**

For the foregoing reasons, AR Resources' motion to dismiss for lack of subject-matter jurisdiction will be granted.  (Doc. 23.)  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 1, 2023